**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY LYNN NORWOOD, | No. 13-15163 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00172-ROS |
| v. | |
| M. ROBINSON, Correctional Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Roslyn O. Silver, District Judge, Presiding

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

California state prisoner Gregory Lynn Norwood appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

prison officials confiscated his property in retaliation for filing a grievance. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009).  We affirm.

The district court properly granted summary judgment because Norwood failed to raise a genuine dispute of material fact as to whether the confiscation of his property was not reasonably related to legitimate penological interests.  *See id*. at 1269 (setting forth elements of a retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 806-07 (9th Cir. 1995) (deference should be afforded to prison officials in evaluating proffered "legitimate penological" goals); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

Norwood's contention that the applicable prison regulation requiring confiscation of his property was "illegal" is unpersuasive.

**AFFIRMED.**